# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JERRELL ANTONIO ROBERTS, | ) ) ) | |
| Movant, | ) ) | |
| v. | ) ) ) | CV422-224 <br> CR417-068 |
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Jerrell Antonio Roberts was convicted, after pleading guilty, of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). *See* doc. 41 at 1 (Judgment).[1] He was sentenced to 87 months of incarceration and a three-year term of supervised release. *See id.* at 2-3. His conviction and sentence were affirmed on direct appeal. *See generally United States v. Roberts*, 747 F. App'x 786 (11th Cir. 2018); *see also* doc. 63 (Appeal Opinion). He then filed the instant motion to vacate, set aside, or correct his sentence

---

[1] The Court cites to the criminal docket in CR417-068 unless otherwise noted.

1

pursuant to 28 U.S.C. § 2255. *See* doc. 68. Preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that his motion should be **DENIED**. Doc. 68.

Roberts ambiguously asserts two grounds for relief. First, he contends that the Supreme Court's opinion in *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191 (2019), "renders [his] guilty plea involuntary because he did not understand the essential elements of the offense to which he pleaded guilty." Doc. 68 at 4. Second, he asserts that "*Rehaif* [is] retroactive applicable [sic] on collateral review." *Id.* at 7. The retroactive applicability of *Rehaif*, while clearly established, does not appear to constitute an independent ground for relief. To the extent that his reference to *Rehaif*'s retroactive application implies some claim different from those discussed below, it is too vague and conclusory for the Court to discern. *Cf. Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (§ 2255 motion was properly denied where it was based on no more than "conclusory allegations").

Roberts' Motion is untimely. A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be filed within one-year of either:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Roberts asserts that his Motion is timely, pursuant to § 2255(f)(3). Doc. 68 at 14. As he points out, the Eleventh Circuit has recently held "*Rehaif* announced a new rule of substantive law that applies retroactively . . . ." *Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022). *Seabrooks*, therefore, resolved any remaining uncertainty in favor of the retroactive application of *Rehaif*. Although Roberts is correct about the effect of *Rehaif*, it does not render his Motion timely. *Cf. Crawford v. United States*, 2022 WL 1062284, at *1 (M.D. Fla. Apr. 8, 2022) (Government conceded § 2255 "motion is timely filed within one year of *Rehaif* . . . ."). Since *Rehaif* was decided on June 21, 2019, *see*

3

139 S. Ct. at 2191, Roberts' motion is still untimely, pursuant to § 2255(f)(3), by more than two years.

Roberts' Motion contends that it is timely because it was filed within one year of the Eleventh Circuit's opinion recognizing the retroactive application of *Rehaif*. *See* doc. 68 at 14 ("This motion under 28 U.S.C. § 2255 is being filed within one year of the Eleventh Circuit Court of Appeals['] recognizing that *Rehaif* . . . applies retroactively to an initial § 2255 motion in *Seabrooks* . . . ." (citations omitted)). However, § 2255(f)(3) applies only to "newly recognized" rights, commencing the one-year period on "the date on which the . . . right . . . was initially recognized *by the Supreme Court* . . . ." *Id.* (emphasis added). The Supreme Court has definitely foreclosed Roberts' argument. In *Dodd v. United States*, the Court explained § 2255(f)(3) "is clear: An applicant has one year from the date on which the right he asserts was initially recognized by this Court." 545 U.S. 353, 357 (2005). The Court considered precisely the interpretation of § 2255(f)(3) that Roberts urges, and rejected it. *Id.* at 358-59; see *also, e.g., Cooley v. United States*, 2017 WL 6558274, at *1 (M.D. Fla. Nov. 6, 2017) (" '[A] decision taken from a federal court of appeals does not provide an independent basis to trigger

4

the one-year statute of limitations provided under § 2255(f)(3).'" (quoting *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006))).

Since the Supreme Court's decision in *Rehaif*, and not the Eleventh Circuit's decision in *Seabrooks*, triggered the one-year period under § 2255(f)(3), Roberts had until June 21, 2020 to file a motion under the new rule it announced. *See, e.g., Louis v. United States*, 2022 WL 1165826, at *2 (W.D. Wis. Apr. 20, 2022) (citing *Dodd*, 545 U.S. at 357). His Motion, filed September 21, 2022,[2] is therefore untimely.

Roberts' claim, even if untimely, might still be viable if he could establish either that he is entitled to equitable tolling or that his claim asserts that he is "actually innocent." *See, e.g., Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (citing *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013)) ("[A] showing of actual innocence provides an exception to the time-bar under [the Antiterrorism and Effective Death Penalty Act]."). It is the movant's burden to establish either actual innocence or the appropriateness of equitable tolling. *Lanier v. United*

---

[2] Under the prison mailbox rule, "a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir.2009). We assume, "[a]bsent evidence to the contrary, . . . that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir.2014). Roberts' Motion is dated September 21, 2022. Doc. 68 at 15.

*States*, 769 F. App'x 847, 850 (11th Cir. 2019) (citation omitted) ("The movant bears the burden of establishing his entitlement to equitable tolling."); *Isley v. United States*, 2011 WL 6955882, at *5 (N.D. Ga. Sept. 22, 2011) (citing *United States v. Montano*, 398 F.3d 1276, 1285 (11th Cir. 2005)) ("It is the Movant's burden to demonstrate actual innocence."). Nothing in Roberts' Motion, even charitably construed, suggests that his claim is timely under either exception. *See, e.g., Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (equitable tolling is appropriate where untimely filing is the result of "extraordinary circumstances that are both beyond [movant's] control and unavoidable even with diligence"); *United States v. Sanders*, 2020 WL 1876335, at *2 (N.D. Fla. Apr. 15, 2020) ("A *Rehaif* error, without more, does not establish actual innocence." (citing *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019)).[3]

---

[3] The Court is skeptical whether, even if Roberts expressly asserted his actual innocence under *Rehaif* his claim is plausible. The Supreme Court has explained that " 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "[T]o provide actual innocence from a § 9229(g)(1) conviction after *Rehaif*, a [movant] must show he had no knowledge that he had been convicted of a felony at the time he possessed a firearm." *McGee v. United States*, 2022 WL 2705238, at *4 (N.D. Ala. July 12, 2022) (citing *Rehaif*, 139 S. Ct. at 2200). As the Eleventh Circuit has observed, "[m]ost people convicted of a felony know that they are felons." *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020). The transcript of Roberts' Rule 11 hearing includes multiple acknowledgements by Roberts that he had previously been convicted of a felony. *See*

6

Since Roberts' Motion is untimely, and he does not establish any exception to the one-year statute of limitations, Roberts' Motion should be **DENIED**, doc. 68, and civil action CV422-224 should be **DISMISSED** in its entirety.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

---

doc. 53 at 11, 28 (Court: "At the time, were you a convicted felon? Roberts: "Yes. I was released from prison from 10 years I served."). Roberts' Motion indicates that he may not even dispute that he knew of his status as a felon, which would preclude an "actual innocence" claim. *See* doc. 68 at 6 (conceding, albeit implicitly, that there is "evidence in the record that would tend to prove that Roberts knew of his status as a convicted felon"). Courts have also held that the claim that a guilty plea was not knowing and voluntary "does not assert that [a habeas petitioner] did not commit the crime to which he pleaded guilty." *Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007). *Cf. Corrigan v. Thomas*, 27 F. App'x 490, 491 (6th Cir. 2001) (citing *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999)) ("[C]laims such as the involuntary nature of a guilty plea and ineffective assistance of counsel [are] not claims of actual innocence.").

7

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 5th day of October, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA